# Exhibit "A"

 CT Corporation

**Service of Process Transmittal**
10/02/2015
CT Log Number 527918850

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** Process Served in Florida

**FOR:** Hartford Insurance Company of the Midwest (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ileana Fantecchi, Pltf. vs. Hartford Insurance Company of the Midwest, Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Attachment(s), Complaint, Letter |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 15020269CA01 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 10/02/2015 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David Avellar Neblett<br>Perry & Neblette, P.A.<br>2550 South Bayshore Drive<br>Suite 11<br>Miami, FL 33133<br>305-856-8408 |
| **REMARKS:** | Process received by Chief Financial Officer on 09/28/2015, and forwarded to C T Corporation System by electronic delivery on 10/02/2015. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/02/2015, Expected Purge Date: 10/07/2015<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com<br><br>Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of 1 / BV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA



15-124094

ILEANA FANTECCHI,

PLAINTIFF(S),

VS.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

DEFENDANT(S).
_____/

SUMMONS, COMPLAINT

CASE #:      15-020269 CA 01
COURT:      CIRCUIT COURT
COUNTY:   MIAMI-DADE
DFS-SOP#: 15-124094

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 28th day of September, 2015 and a copy was forwarded by Electronic Delivery on the 2nd day of October, 2015 to the designated agent for the named entity as shown below.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
DONNA MOCH
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

DAVID AVELLAR NEBLETT, ESQUIRE
SUITE 11
2550 SOUTH BAYSHORE DRIVE
MIAMI FL 33133

JGJ

10310

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ILEANA FANTECCHI,

        Plaintiff,

vs.

CASE NO: 15-020269 CA 01

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

        Defendant.
_____/

## SUMMONS

To each Sheriff of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant:

HARTFORD INSURANCE COMPANY OF THE MIDWEST
c/o Florida Chief Financial Officer as RA
200 E. Gaines Street
Tallahassee, FL. 32399-4201

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

David Avellar Neblett, Esq.
PERRY & NEBLETT, P.A.
2550 S. Bayshore Dr.   Suite 11
Miami, FL 33133
Tel: (305) 856-8408
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

within **twenty (20)** days after service of this Summons on the Defendant exclusive of the day of service, and to file the original of the written defenses with the Clerk of the Circuit Court, 73 West Flagler Street, Miami, Florida 33130, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

| Dated on: SEP 1 8 2015 | Clerk of Court<br>By: _____<br>As Deputy Clerk |
|---|---|

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des Poursuites judicaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cl-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pur vous proteger; vous estes oblige de deposer votre reponse ecrite, avec mention du numero de dossier cl-dessus et du nom des parties nommees icl, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse escrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme cl-dessous.

## DADE COUNTY COURT FACILITIES

| | | |
|---|---|---|
| Dade County Courthouse (05) | North Dade Justice Center (23) | South Government Center (26) |
| 73 West Flagler Street, RM 133-138 | 15555 Biscayne Boulevard, RM 10( | 10710 SW 211 Street, RM 103 |
| Miami, FL 33130 | Miami, FL 33160 | Cutler Ridge, FL 33189 |
| Joseph Caleb Center (20) | Miami Beach District (24) | Homestead District Court (27) |
| 5400 NW 22 Avenue, RM 205 | 1130 Washington Avenue, RM 224 | 715 NE 1 Road |
| Miami, FL 33142 | Miami Beach, FL 33139 | Homestead, FL 33030 |
| Hialeah District Court (21) | Coral Gables District (25) | Sweetwater Branch Office |
| 55 SE 4th Avenue | 2801 Salzedo Street | 500 SW 109 Avenue |
| Hialeah, FL 33010 | Coral Gables, FL 33134 | Sweetwater, FL 33174 |

In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court Administrator's Office at the Dade County Courthouse, 73 West Flagler Street, no later than seven days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-2007 (TDD).

Filing # 31625495 E-Filed 09/02/2015 01:55:47 PM

10310

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ILEANA FANTECCHI,

CASE NO:

       Plaintiff,

vs.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

       Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, ILEANA FANTECCHI, by and through her undersigned counsel and pursuant to the Florida Rules of Civil Procedure, and hereby files this Complaint against HARTFORD INSURANCE COMPANY OF THE MIDWEST, and alleges as follows:

### BACKGROUND FACTS AND ALLEGATIONS

1. This is an action for damages in excess of $15,000.00, exclusive of interest and costs, and therefore meets the jurisdictional limitations of this Court.

2. Plaintiff, ILEANA FANTECCHI, is a resident of the State of Florida and is otherwise *sui juris*.

3. Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD"), is an insurance carrier licensed to do business in the State of Florida and doing business in Miami-Dade County.

4. Plaintiff, ILEANA FANTECCHI, owns a residence located in Florida (hereinafter "residence").

5. All conditions precedent have been satisfied or waived.

6. This Court has jurisdiction over the instant matter pursuant to Section 86.021, Florida Statutes, and this action is otherwise within the jurisdiction of this court as the amount in controversy exceeds the minimal jurisdictional of this Court.

7. On or about July 12, 2014, Plaintiff, ILEANA FANTECCHI, sustained damages to her residence.

8. The damages to the subject property are covered by the insurance policy issued by Defendant to Plaintiff, ILEANA FANTECCHI. A certified copy of the policy of insurance has been requested from Defendant; however, Defendant has failed and refused to provide same or it would be attached hereto. As Defendant is in possession of the policy, a certified copy of same will be obtained by Plaintiff during discovery, which will be delivered to Plaintiff in Miami-Dade County.

9. Plaintiff, ILEANA FANTECCHI, requested benefits under the subject policy of insurance as a result of the damages sustained to Plaintiff's residence.

10. Plaintiff procured insurance and has been paying premiums in a timely manner, following all of her obligations as an insured to be covered in case of need.

11. Now that Plaintiff has the necessity to use insurance benefits, Defendant refuses to indemnify Plaintiff for the damages covered under the policy.

12. Plaintiff and Defendant disagree as to the value of the loss.

13. Plaintiff fulfilled all post-loss obligations or same have otherwise been waived.

14. There were numerous attempts by Plaintiff to get the insurer to adjust the loss and make payments of undisputed amounts.

15. The insurer refused to actively adjust the claim and/or make sufficient payments.

2

16. Plaintiff formally demanded payment of the subject claim and/or appraisal on a number of occasions.

17. Defendant failed to properly adjust the loss and/or remit sufficient payment on the subject claim.

18. Defendant failed to comply with the above mentioned demands and therefore breached the policy of insurance.

19. As a result of Defendant's breach of the subject policy of insurance, Plaintiff has suffered damages.

20. Due to Defendant's breach of the subject policy of insurance, Plaintiff was forced to hire a public adjuster and assigned benefits of the subject claim to Plaintiff's public adjuster.

21. As such, payment of the insurance proceeds due under the subject policy of insurance will be made to Plaintiff's public adjuster, making Plaintiff's public adjuster a loss payee who stands in the shoes of Plaintiff.

22. Plaintiff's public adjuster is located in Miami-Dade County, and payment to Plaintiff's public adjuster will be made in Miami-Dade County.

23. Defendant's continued failure and refusal to make payment under the subject policy constitutes an ongoing breach in Miami-Dade County, making venue proper in this Court.

24. Plaintiff provided the insurer with notice of its various breaches of the policy of insurance and/or issues with Defendant's handling of this claim and failure to provide full payment for the subject loss, and Plaintiff allowed Defendant a reasonable opportunity to cure same; however, Defendant has not cured same.

25. Due to Defendant's conduct, Plaintiff, ILEANA FANTECCHI, was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees.

3

26. Due to Defendant's conduct, Plaintiff, ILEANA FANTECCHI, assigned benefits of the subject claim to Plaintiff's counsel.

27. As such, payment of the insurance proceeds due under the subject policy of insurance will be made to Plaintiff's counsel, making Plaintiff's counsel a loss payee who stands in the shoes of Plaintiff.

28. Plaintiff's counsel is located in Miami-Dade County, and payment to Plaintiff's counsel will be made in Miami-Dade County.

29. Defendant's continued failure and refusal to make payment under the subject policy to Plaintiff's counsel constitutes an ongoing breach in Miami-Dade County, making venue proper in this Court.

30. Pursuant to Florida Statutes, Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

## COUNT I
## BREACH OF CONTRACT

Plaintiff, ILEANA FANTECCHI, realleges, incorporates by reference, and adopts paragraphs 1 through 30 as though they were originally alleged herein.

31. Plaintiff, ILEANA FANTECCHI, entered into a contract for insurance with the Defendant.

32. Defendant breached the contract by failing to fully cover and pay for the damage and/or loss to Plaintiff's property.

33. Plaintiff fulfilled all of her duties under the contract, including all post-loss obligations.

34. Defendant materially breached the contract by:

   a. Failing to fully pay a covered claim;

4

b. Failing to send an adjuster or other professional to properly identify and examine the loss;

c. Failing to pay for the replacements and/or repairs to be made and for other damages covered by contract;

d. Disrupting the orderly sequence and time limits for indemnification as planned by the police of insurance;

e. Making untrue or misleading statements as to the coverage afforded under the policy of insurance upon which Plaintiff relied to her detriment;

f. Making untrue or misleading statements as to Defendant's duties and obligations under the policy and/or the insureds' post-loss requirements upon which Plaintiff relied to her detriment.

35. As a result of Defendant's breach of the insurance contract, Plaintiff, ILEANA FANTECCHI, has suffered damages.

WHEREFORE, Plaintiff, ILEANA FANTECCHI, respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for damages, together with attorney's fees and costs and for such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF SECTION 627.70131, FLORIDA STATUTES

Plaintiff, ILEANA FANTECCHI, realleges, incorporates by reference, and adopts paragraphs 1 through 30 as though they were originally alleged herein.

36. Florida Statute § 627.70131 states that:

(1)(a) Upon an insurer's receiving a communication with respect to a claim, the insurer shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period of time or unless the failure to acknowledge is caused by factors beyond the control of the insurer which reasonably prevent such acknowledgment. If the acknowledgment is not in

5

writing, a notification indicating acknowledgment shall be made in the insurer's claim file and dated. A communication made to or by an agent of an insurer with respect to a claim shall constitute communication to or by the insurer.

37. Plaintiff repeatedly provided written communications to Defendant with respect to this claim and Defendant failed to respond and/or otherwise investigate the claim.

38. Pursuant to Fla. Stat § 627.70131, Defendant is required to respond to Plaintiff's communications, and Defendant violated this statute by failing to do so.

39. Pursuant to Fla. Stat § 627.70131, Plaintiff is entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ILEANA FANTECCHI, respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for damages, together with attorney's fees and costs and for such other relief as this Court deems just and proper.

## COUNT III
## BREACH OF SECTION 624.155, FLORIDA STATUTES

Plaintiff, ILEANA FANTECCHI, realleges, incorporates by reference, and adopts paragraphs 1 through 30 as though they were originally alleged herein.

40. Plaintiff, ILEANA FANTECCHI, surrendered all control over the handling of her claim to Defendant.

41. Defendant has assumed a duty to exercise such control and make such decisions in good faith and with due regard for the interests of Plaintiff. See Florida Municipal Insurance Trust v. Village of Golf, 850 So. 2d 544 (Fla. 4th DCA 2003).

42. Defendant has a duty to investigate the facts, give fair consideration to a settlement offer that is not unreasonable under those facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. See Berges v. Infinity Ins. Co., 896 So.2d 665 (Fla. 2004).

6

43. Defendant breached its duty to Plaintiff by failing to properly investigate the claim and make sufficient payments on the claim.

44. Defendant has not attempted in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward Plaintiff, ILEANA FANTECCHI, and with due regard for her interests.

45. Defendant improperly withheld documents and information relating to the insured's claim to attempt to force a settlement.

46. Defendant improperly refused to produce the policy of insurance, claim documentation and/or estimates relating to subject property; Defendant further refused to release the requested information.

47. Defendant improperly made statements, orally and/or in writing that are untrue or misleading as to the claim, the coverage afforded under the policy of insurance, payment, the Defendant's duties and obligations under the policy and the law and/or the insured's post-loss requirements and Plaintiff reasonably relied upon those statements

48. Defendant failed to promptly settle Plaintiff's claim and was obligated to do so under the insurance policy.

49. Plaintiff filed a Notice of Civil Remedy Violation with the Florida Department of Financial Services and provided same to Defendant to notify the insurer of its various breaches of the policy of insurance and/or issues with handling and/or lack of properly handling this claim and failure to provide full payment for same; and Plaintiff allowed Defendant a reasonable opportunity to cure in conformity with Fla. Stat § 624.155; however, Defendant has not cured its various breaches of the policy of insurance and/or improper handling of Plaintiff's claim.

50. Plaintiff has agreed to pay the undersigned counsel a reasonable rate for services

seeking a resolution of this matter.

51. The Defendant insurer must pay Plaintiff's attorney's fees for the instant action due to the Defendant insurer's continued breach of the insurance contract and failure to properly adjust this loss, under Section 627.428(1), Florida Statutes (2013). See Travelers v. Meadows, 900 So.2d 676 (Fla. 4th DCA 2005); see Fewox v. McMerit Const. Co., 556 So. 2d 419 (Fla. 2d DCA 1989).

52. Defendant failed to promptly settle this claim in order to influence settlements under other portions of the insurance policy coverage.

53. Plaintiff has suffered damages as a result of Defendant's actions and/or inacation regarding the subject claim.

WHEREFORE, Plaintiff, ILEANA FANTECCHI, respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant for damages, together with attorney's fees and costs and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PERRY & NEBLETT, P.A.
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 856-8409
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

By: _____
DAVID AVELLAR NEBLETT, ESQ, B.C.S.
Florida Bar No.: 526371
JAMES M. MAHAFFEY III, ESQ.
Florida Bar No.: 105353

8

# PERRY & NEBLETT

Professional Association of Attorneys at Law and Admiralty

| | | |
|---|---|---|
| James H. Perry, II, P.A. | 2550 South Bayshore Drive | Tel: 305-856-8408 |
| David Avellar Neblett, P.A. ‡ | Suite 11, Monty's in the Grove | Fax: 305-856-8409 |
| F. David Famulari, Esq. ‡ * | Miami, Florida 33133 | Toll: 800-321-7105 |
| Gino J. Buttó, Esq. ** | | ‡ Board Certified in Admiralty and Maritime Law |
| James M. Mahaffey III, Esq. ★ | | * Also admitted to practice in Massachusetts |
| | | ** Also admitted to practice in New York |
| | | ★ Also admitted to practice in Texas |

September 24, 2015

Hartford Insurance Company Of the Midwest
c/o Chief Financial Officer, as RA
P.O. Box 6200 (32314-6200)
200 East Gaines Street
Tallahassee, FL 32399

    Re:    **Ileana Fantecchi v Hartford**
           **Case No.: 15-020269 CA 01**
           **Our File: 10310**

Chief Financial Officer:

    Enclosed herein please find two copies of the Summons and one copy of the Complaint, with respect to the above-referenced matter. Additionally, please find the enclosed **check number 1646** in the amount of **$15.00** (Fifteen Dollars), made payable to the Florida Department of Financial Services.

    Upon receipt of this correspondence, should you have any questions or concerns please do not hesitate to contact my office. I am and remain,

                                       Yours very truly,

                                       *David Avellar Neblett*
                                       David Avellar Neblett

Encl.

# PERRY & NEBLETT

Professional Association of Attorneys at Law and Admiralty

| | | |
|---|---|---|
| James H. Perry, II, P.A. | 2550 South Bayshore Drive | Tel: 305-856-8408 |
| David Avellar Neblett, P.A. ⌕ | Suite 11, Monty's in the Grove | Fax: 305-856-8409 |
| F. David Famulari, Esq. ⌕ * | Miami, Florida 33133 | Toll: 800-321-7105 |
| Gino J. Buttó, Esq. ** | | ⌕ Board Certified in Admiralty and Maritime Law |
| James M. Mahaffey III, Esq. ☆ | | * Also admitted to practice in Massachusetts |
| | | ** Also admitted to practice in New York |
| | | ☆ Also admitted to practice in Texas |

September 24, 2015

Hartford Insurance Company Of the Midwest
c/o Chief Financial Officer, as RA
P.O. Box 6200 (32314-6200)
200 East Gaines Street
Tallahassee, FL 32399

    Re:    **Ileana Fantecchi v Hartford**
           **Case No.: 15-020269 CA 01**
           **Our File: 10310**

Chief Financial Officer:

    Enclosed herein please find two copies of the Summons and one copy of the Complaint, with respect to the above-referenced matter. Additionally, please find the enclosed **check number 1585** [handwritten: 1619] in the amount of **$15.00** (Fifteen Dollars), made payable to the Florida Department of Financial Services.

    Upon receipt of this correspondence, should you have any questions or concerns please do not hesitate to contact my office. I am and remain,

                  Yours very truly,

                  *David Avellar Neblett*
                  David Avellar Neblett

Encl.